**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARIA E. PICCIRILLO,**

        **Plaintiff,**

**-vs-**                                                   **Case No.  6:05-cv-1133-Orl-28DAB**

**FLORIDA HOMES REALTY, LLC,**

        **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF PROPOSED SETTLEMENT (Doc. No. 27)** |
| **FILED:** | **March 9, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      The parties jointly request the Court's approval of the proposed settlement of Plaintiff's claims and entry of final[1] judgment. Courts must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought

---

[1] The title of the Motion refers to a "Stipulated Final Judgment" but no such document is attached to the Joint Motion for Approval of Proposed Settlement or filed separately. Doc. No. 27.

directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* The parties have briefed the issue of the fairness of the settlement. Doc. No. 27.

Plaintiff sued her former employer, Defendant, for overtime wages and unpaid commissions allegedly due under Florida law. Doc. No. 27. Defendant disputed Plaintiff's entitlement to overtime. Plaintiff sought the amount of $2,000 for alleged overtime wages.

The settlement to Plaintiff of $2,000 in overtime wages and $2,000 in liquidated damages, represents all of the disputed principal amount Plaintiff sought under her FLSA claims. For additional consideration, the parties have settled Plaintiff's claim for alleged unpaid commissions and Plaintiff has agreed to release Defendant from all other claims. The parties have also reached agreement on Plaintiff's attorney's fees.

Settlement in the amount of $4,000 to Plaintiff for overtime wages and liquidated damages, which constitutes the full amount sought by Plaintiff, is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 21, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy